IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON JR.,

      Plaintiff,

v.                                                        No. 1:21-cv-00941-KK

INTERCONTINENTAL HOTELS GROUP,
d.b.a. Holiday Inn Express,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING VENUE TO CENTRAL DISTRICT OF CALIFORNIA**
**AND NOTICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Negligence Causing Bodily Harm and Damages and Negligent Infliction of Emotional Distress, Doc. 1, filed September 24, 2021 ("Complaint").

Plaintiff, who resides in Albuquerque, New Mexico, alleges he suffered injuries after he slipped in a bathtub in Defendant's hotel located in Banning, California. Plaintiff asserts the Court has diversity jurisdiction over his negligence claims because Defendant has its main offices in Atlanta, Georgia. The Complaint states "Venue is also proper" but does not state why venue is proper in the District of New Mexico. Complaint at 1.

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court concludes that the District of New Mexico is not a proper venue for this case because there are no allegations that a defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court transfers this case to the Central District of California because the events or omissions giving rise to this case occurred in Banning, California, which is in the Central District of California.

**Notice**

Plaintiff filed a complaint initiating a case in this Court earlier this year. *See* Doc. 1, filed June 1, 2021, in *Wilson v. Intercontinental Hotels Group*, No. 1:21-cv-00502-CG ("*Wilson I*"). The Complaint in *Wilson I* is essentially identical to the Complaint in this case. Chief United States Magistrate Judge Carmen E. Garza remanded *Wilson I* to the Southern District of California[1] after concluding the District of New Mexico was not a proper venue for this case. *See* Doc. 4, filed June 3, 2021 in *Wilson I*.

---

[1] Banning, California, where the events giving rise to this case occurred, is in the Central District of California. *See* Doc. 7, filed June 3, 2021, in *Wilson v. Intercontinental Hotels Group*, No. 3:21-cv-01059-CAB-MSB (S.D. Cal.) (transferring case to the Central District of California). The Court for the Central District of California dismissed Plaintiff's case because "Plaintiff failed to correct deficiencies in the request to proceed In Forma Pauperis." Doc. 13, filed August 5, 2021, in *Wilson v. Intercontinental Hotels Group*, No. 5:21-cv-00962-SB-KS (C.D. Cal. (Eastern Division – Riverside)).

2

Plaintiff continued to file documents in *Wilson I* after *Wilson I* had been transferred to the Southern District of California.  *See* Doc's 5 and 6, filed June 10, 2021 and July 19, 2021, in *Wilson I*.  Judge Garza notified Plaintiff that:

> this Court, having transferred the case to the Southern District of California, cannot grant Plaintiff any relief.  The Court also notifies Plaintiff that this Court will not consider, and will not transfer to the Southern District of California, any additional documents that Plaintiff files in this case.  Any documents relevant to this case that Plaintiff wishes to file must be filed in the Southern District of California.

Doc. 7 at 2, filed July 26, 2021, in *Wilson I*.

The Court again notifies Plaintiff that this Court, having transferred the case to the Central District of California, cannot grant Plaintiff any relief.  The Court also notifies Plaintiff that this Court will not consider, and will not transfer to the Central District of California, any additional documents that Plaintiff files in this case.  Any documents relevant to this case that Plaintiff wishes to file must be filed in the Central District of California.  Finally, the Court notifies Plaintiff that if he continues to file documents in this case in the District of New Mexico, or if Plaintiff initiates a new case in the District of New Mexico based on the same facts as this case without showing that venue is proper in the District of New Mexico, the Court may impose filing restrictions on Plaintiff.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Central District of California.

*(signed)* Kirtan Khalsa
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**